IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )  | |
| ) | Criminal Action No. 7:14-cr-00049 |
| v.                                          )  | |
| ) | By: Elizabeth K. Dillon |
| BRANDON WALKER WHITTEN )  | United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Before the court is defendant Brandon Whitten's motion for early termination of supervised release. (Dkt. No. 108.) No hearing was requested, and the court finds that one is not necessary to resolve Whitten's motion. Whitten's motion will be denied.

I.  BACKGROUND

In 2007, Whitten was found in possession of child pornography on his personal laptop. (PSR, Dkt. No. 41.) On October 17, 2014, Whitten pled guilty to Count 1 of the indictment that charged him with receipt and distribution of child pornography. (Plea Agreement, Dkt. No. 26.)

On January 21, 2015, the court held a sentencing hearing. Whitten was sentenced to 60 months' incarceration with a 20-year term of supervised release. (Judg., Dkt. No. 38.) Upon his release from prison, Whitten violated terms of his supervised release and was arrested. The court held a revocation hearing on April 4, 2019. After finding Whitten violated 7 conditions of his supervised release, the court sentenced Whitten to 9 months' incarceration with a 10-year term of supervised release.

Whitten was released from prison on October 25, 2019. He has been on supervised release for under 4 years. Via a letter to the court, Whitten moved for early termination of his remaining supervised release term. (Dkt. No. 108.) The United States Probation Office opposes Whitten's request for early termination of supervised release.

## II. ANALYSIS

Pursuant to 18 U.S.C. § 3583(e), a court may, after considering the factors set forth in 18 U.S.C. § 3553(a), terminate a term of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. As at sentencing, courts consider several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to afford adequate deterrence, and the need to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a).

In his letter, Whitten expresses a desire to leave the country to fight in a foreign war. He raises no facts in support of his motion based on his conduct or the interests of justice.

All of the § 3553(a) factors weigh against early termination. First, Whitten was convicted of a serious offense, and upon release from his initial term of incarceration, had his supervised release revoked. The nature and circumstances of Whitten's offense weigh against termination. Second, Whitten provides no facts regarding his history or characteristics since his release from incarceration. Rather, the United States Probation Office indicates that Whitten has engaged in conduct that required referral to a treatment center. This need for continuing treatment weighs heavily against early release. Third, Whitten has not completed even 40% of his supervised release term. Based on these factors, the court finds there is still a need for deterrence and to protect the public.

## III.  CONCLUSION

For the reasons stated above, the court HEREBY ORDERS that Whitten's motion for early termination of supervised release (Dkt. No. 108) is DENIED.

The clerk is directed to provide a copy of this order and accompanying memorandum opinion to Whitten, all counsel of record, and the United States Probation Office.

Entered: June 22, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge